MEMORANDUM **
Keith W. Candler, a California state prisoner, appeals pro se from the district court’s summary judgment and order dismissing his 42 U.S.C. § 1983 action alleging that prison personnel acted with deliberate indifference to his medical needs and interfered with his access to courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir.2004) (summary judgment); Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003) (dismissal). We affirm.
The district court properly granted summary judgment on Candler’s deliberate indifference claim because Candler failed to raise a genuine issue of material fact as to whether defendants knew of and disregarded a substantial risk of serious harm to him. See Toguchi, 391 F.3d at 1057 (affirming summary judgment where there was no evidence that the defendant was subjectively aware that her actions created a substantial risk of serious harm); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (explaining that a difference of medical opinion concerning treatment does not amount to deliberate indifference).
The district court properly dismissed Candler’s access to court’s claim because he did not properly exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Woodford v. Ngo, 548 U.S. 81, 85, 93-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” requires adherence to administrative procedural rules); see also McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir.2002) (per curiam) (holding that a prisoner must exhaust administrative remedies before, not after, filing suit in federal court).
The district court did not abuse its discretion by denying Candler’s motion to appoint counsel because the case did not present exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004).
Candler’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid *686 ed by 9th Cir. R. 36-3.